## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

DIANA LEWIS, BRIAN LEWIS                    CIVIL ACTION

VERSUS                                                        NUMBER 08-555-JVP-DLD

UNITED STATES POST OFFICE, UNITED
STATES COURT OF APPEALS, 5TH
CIRCUIT OFFICE OF THE CLERK AND MR.
DOUG WELBORN, CLERK OF COURT
OFFICE, ET AL

## REPORT AND RECOMMENDATION

This matter is before the court on an initial screening of plaintiff's complaint, brought

*in forma pauperis* under 28 U.S.C. § 1915A, which provides that a court shall review, as

soon as practicable after docketing, a newly filed complaint and shall dismiss same, or any

portion of same, if the Court determines that the complaint is "frivolous, malicious, or fails

to state a claim upon which relief may be granted."

*Background*

On August 29, 2008, *pro se* plaintiffs filed suit against defendants,  alleging mail

tampering, mail fraud, and mail theft regarding his post office box.  Plaintiffs claim that they

lost their case at the 5th Circuit Court of Appeals "because of post office."  Plaintiffs also

claim "that many people "are trying" to make them lose their case at the 19th Judicial District

Court." (rec. doc. 1).  On October 10, 2008, the plaintiffs filed an amended complaint,

adding specific local post offices, the United States District Court for the Eastern District

of Louisiana, various Eastern District and 5th Circuit judges, the Supreme Court, and the

justices of the Supreme Court.  The gist of the amended complaint is that "all defendants

should tell truth about [my] p.o. box address on matter."  (rec. doc. 4) Construing plaintiffs'

claims in the most liberal manner and with the aid of the documents attached to the complaint, the plaintiffs seem to allege that the defendants have conspired to deprive them of their rights to the courts by either tampering with their mail, changing their address, using the wrong P.O. box for their mail, or other similar acts.  In the amended complaint, plaintiffs also seek monetary damages from $100,000 to $5 million for the alleged acts.  Plaintiffs seem to be claiming general obstruction of their mail, and possibly conspiracy.[1]  The court previously has granted plaintiffs' motion to proceed *in forma pauperis.*

## Governing Law

Under 28 U.S.C. § 1915(e), this Court shall dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.  *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).  An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis in either fact or in law.  *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), *citing Neitzke v. Williams*, 490 U. S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hicks v. Garner,* 69 F.3d 22 (5th Cir. 1995).   The court has broad discretion in determining the frivolous nature of a complaint.   *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  This discretion includes not only the "authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  *Neitze*, at 327.   A § 1915 dismissal may be made at any time before or after service of process and before or after an answer is filed.  *Cf., Green v. McKaskle, supra*.   In addition, 28 U.S.C. § 1915A provides that a Court shall review, as soon as

---

[1]The amended petition states, "many people in this town want these lies to become come (sic) truth on matter."

practicable after docketing, a newly filed complaint and shall dismiss same, or any portion

of same, if the Court determines that the complaint is "frivolous, malicious, or fails to state

a claim upon which relief may be granted."  Also, a plaintiff's *pro se* status does not offer

him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the

judicial machinery with meritless litigation and abuse already overloaded court dockets."

*Green v. Boyd*, Slip Copy, 2008 WL 2117671 (W.D.Tex.,2008), *quoting Farguson v. MBank*

*Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986).

Moreover, courts have a continuing duty to examine their own jurisdiction, and are

required to dismiss *sua sponte* any action over which they lack jurisdiction. *Insurance Corp.*

*of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 102 S.Ct. 2099,

72 L.Ed.2d 492 (1982).

Turning to the specific laws implicated in plaintiffs' complaint, we begin with the

Federal Torts Claims Act, 28 USC §§ 1346, 2671, *et seq*. ("FTCA"), which provides a

remedy for claimants against the *United States* for damage to or loss of property caused

by the negligence of a government employee acting within the course and scope of his or

her employment, thereby waiving sovereign immunity in some circumstances for certain

torts committed by federal employees.  The FTCA "grants federal employees absolute

immunity from common law tort actions by providing for the substitution of the United

States as the sole defendant in such actions.  Absent a waiver, sovereign immunity shields

the federal government, its agencies and employees from suit."  *Darder v. Potter*,

*Postmaster General*, Not Reported in F. Supp 2d., 2004 WL 422008 (E.D. La March 2004);

*FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed. 2d 308 (1994); *Loeffler v.*

*Frank*, 486 U.S. 549, 554, 108 S. Ct. 1965, 1986, 100 L.Ed. 2d 549 (1988).  However, the

FTCA also carves out various exceptions to the waiver of sovereign immunity, one of which states that the FTCA does not apply to "any claim arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 USC §2680(b).  *Insurance Company of North America v. United States Postal Service*, 675 f. 2d. 756 (5th Circ.  1982)

"Title 28 U.S.C. § 2675(a) requires the exhaustion of administrative remedies before a tort suit against the United States may be commenced in the district courts.[2] This provision has been implemented by regulations of the United States Postal Service. Title 39 C.F.R. § 912.5 provides:

> "For the purposes of this part, a claim shall be deemed to have been presented when the U.S. Postal Aervice receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident. Standard Form 95 may be obtained from postmaster, postal inspectors, or other local Postal Service establishments."  *Grasso v. U.S. Postal Service*, 438 F.Supp. 1231 (D.C.Conn. 1977)

Obstruction of U.S. Mail is governed by 18 U.S.C. § 1701, and obstruction of mail correspondence is governed by 18 U.S.C. § 1702, both of which are criminal statutes that do not provide any kind of relief in civil actions.  *Parker v. Shemwell*, Slip Copy, 2009 WL 211708 (W.D. La. 2009).

---

[2]Title 28 U.S.C. § 2675(a) provides in relevant part:"An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

Next, the court turns to the defendants.    Judicial defendants are "absolutely immune from suit for monetary damages," if the acts complained of are judicial in nature, such as the alleged dismissal of plaintiffs' complaints.  *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L.Ed. 2d 331 (1978). A judge is subject to liability only if the judge has acted in the "clear absence of all jurisdiction." *Id.* at 356-357.  "Federal judges are immune from suits seeking equitable relief." *Edmonson v. Lee*, Slip Copy, 2008 Wl 2080912 (S.D. MS May 2008), *citing Page v. Grady*, 788 F. Supp 1207, 1208-13 (N.D. Ga. 1992); *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Texas 1992).

In determining whether a judge's actions were "within his jurisdiction and judicial in nature, this Court considers four factors: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *McSmith v. Engelhardt*, Slip Copy, 2006 WL 3478162, (E.D. La. November 2006), *citing McAlester v. Brown*, 469 F.2d 1280, 1282 (5th Cir.1972).

Federal clerks of court have absolute immunity from actions "for damages arising out of acts they are specifically required to do under court order at a judge's discretion." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. 1981) Federal clerks of court, including their deputies, are entitled to qualified immunity involving  "routine actions." Routine duties are those not explicitly "commanded by court decree, or by judge's instructions." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001)

Louisiana clerks of court and their deputies are not liable in either their individual or official capacity to anyone for damage as the result of performing any act in conformity with

the written order or judgment of any judge in a Louisiana court.  La. R.S. 13:760.  "Whether

an act is judicial in character does not depend on whether it is discretionary or ministerial."

*Jones v. City of Hammond Police Dept.*, 633 So. 2d 674 (La. App. 1 Cir. 1993); *Johnson*

*v. Foti,* 583 So. 2d 1210, 1212 (La. App. 4th Cir. 1991).


## Discussion

All of plaintiffs' claims involving the loss of their lawsuit  before the U.S. Fifth Circuit

and their potential loss in the 19th Judicial District Court seem to revolve around their mail.

They either did not receive their mail; the mail was delayed without explanation; or their

mail was not timely sent.  This information is derived from the documents attached to

plaintiffs' original complaint, as the complaint itself names only the defendants and directs

the court to "look at" the exhibits as they relate to the "strange goings-on" regarding their

P.O. box  (rec. doc. 1).

On its face, plaintiffs' statement that somehow the misdirection of their mail led to

Brian Lewis' losing his employment case (*Lewis v. Hardy,* 05-cv-00652-MLCF, Eastern

District of Louisiana), is incorrect.  That case was lost not because of any mail difficulties,

but because the Fifth Circuit determined that the Right-to-Sue notification received by Lewis

regarding his employer, Southern Discount, allowed Lewis to sue only his former employer,

not Southern Discount's employees in their individual capacity; and Lewis failed to sue

Southern Discount.

What was probably confusing for plaintiffs was the Fifth Circuit's discussion of the

original report and recommendation dismissing plaintiff Brian Lewis' case. The Fifth Circuit

mentioned that a report and recommendation was sent to Lewis by the district court, but

was returned undeliverable, and under the Eastern District local rules, failure of a *pro se* litigant to inform the court of an address change "may be considered by the district court as an additional cause" for dismissal for failure to prosecute.[3]   (Exhibit to plaintiff's complaint) The report and recommendation in question erroneously determined that plaintiff's deadline to file default judgments against the defendants who failed to answer his complaint had expired, and the matter was dismissed for failure to prosecute.  The Fifth Circuit found, however, that the deadline date cited by the district court was in error, but that Lewis' substantial rights were not affected by the erroneous dismissal of his case by the district court because he also failed to sue his former employer within 90 days of receiving his right-to-sue notification.  Thus, the ultimate dismissal was not based on any difficulties with the mail, but rather on plaintiff's failure to name the proper party defendant, Southern Discount, within the applicable deadlines.

Insofar as the matter pending in the 19th Judicial District Court is concerned, that case has not been judicially decided (see rec. doc. 1); thus, there is not yet any claim that would give this court subject matter jurisdiction over those alleged claims.

Next, the court must address plaintiff's standing to sue the various defendants. Sovereign immunity as it applies to federal agencies and their employees is jurisdictional in nature; therefore the United States Post Office must be dismissed as a defendant because the United States Postal Service has sovereign immunity from claims arising out of the loss, miscarriage or negligent transmission of letters or postal matter.  The United States must be substituted in as the proper party defendant .  However, even if the United

---

[3]This exhibit includes a docket sheet submitted by plaintiff and dated July 11, 2007, wherein his address is shown as a street address, not the infamous p.o. box allegedly made the subject of this lawsuit.

States is substituted as the proper party defendant, plaintiffs have failed to state a claim upon which relief can be granted.  The only claims plaintiffs have alleged have to do with obstruction of their mail, claims which are governed by criminal statutes; and how that obstruction has led, or may lead, to unfavorable results for them in the federal and state courts.  Even a broad interpretation of the complaints leads to an absence of civil remedies for what would be construed as criminal acts, if true.  Plaintiffs also have failed to set forth any factual grounds for alleging that these defendants want "a lie to become truth."

The plaintiffs have also failed to exhaust their administrative remedies before bringing a tort claim against the United States, as required by Title 28 U.S.C. § 2675(a). Before the plaintiffs have standing to bring a suit, they must have presented the U.S. Postal Service with an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, *accompanied by a claim for money damages in a sum certain* for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident. Plaintiffs have not submitted a "claim" for money damages in sum certain as required by this regulation. As such, the exhaustion requirement of 28 U.S.C. § 2675(a) has not been satisfied. It is not enough that plaintiffs expressed their dissatisfaction by filing "mail theft and vandalism" (PS Form 2016)complaints with the post office; plaintiffs must also submit a claim for money damages in a sum certain, which they have not done. Both the statute and the implementing regulations require a more definite claim before exhaustion can be said to have occurred. *Melo v. United States*, 505 F.2d 1026, 1028-29 (8th Cir. 1974); *Bialowas v. United States*, 443 F.2d 1047, 1048-49 (3d Cir. 1971).

Moreover, even if the court takes all the plaintiffs' allegations as true, the various courts, judges, and justices must be dismissed as defendants because they enjoy immunity

from suits for money damages and equitable relief, the only two grounds remotely possible from a hugely liberal reading of plaintiffs' complaint and amended complaint. Using the four factors[4] relating to whether or not the acts committed by the courts, judges, and justices were judicial acts, it is clear that the district court dismissed one of plaintiffs' prior suits, he appealed the dismissal all the way to the United States Supreme Court, and was unsatisfied with the eventual outcome.  Thus, the acts were "normal judicial functions," occurred at a court, were about a case pending before those courts, and arose directly from plaintiffs' contacts with the court (or judges) in their official capacity. The immunity provisions apply. Plaintiffs further seem to allege that the clerks of the courts were somehow involved, but their only involvement would have been in providing a possibly wrong address for plaintiffs, and they also enjoy immunity for this purely ministerial act.

Thus, even construing the plaintiffs' allegations in the light most favorable to them and taking all facts pleaded in their complaint as true, it is clear that the suit against the defendants must be dismissed for failure to state a claim.  Additionally, as plaintiffs have alleged that the defendants have committed criminal acts, there are no civil remedies available for criminal acts allegedly committed against the plaintiffs; thus, plaintiffs have no standing to bring a civil private right of action against defendants for criminal mail obstruction.  Plaintiffs have also failed to exhaust their administrative remedies before bringing a tort claim against the United States Postal Service or the United States.

---

[4]Identification of the four factors may be found in the "governing law" section of this report and recommendation.

## <u>RECOMMENDATION</u>

It is therefore the recommendation of this court that plaintiffs' claims be **DISMISSED**

for failure to state a claim upon which relief can be granted, and for lack of jurisdiction.

Signed in Baton Rouge, Louisiana, on March 5, 2009.

**MAGISTRATE JUDGE DOCIA L. DALBY**

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DIANA LEWIS, BRIAN LEWIS**                    **CIVIL ACTION**

**VERSUS**                                               **NUMBER 08-555-JVP-DLD**

**UNITED STATES POST OFFICE, UNITED STATES COURT OF APPEALS, 5TH CIRCUIT OFFICE OF THE CLERK AND MR. DOUG WELBORN, CLERK OF COURT OFFICE, ET AL**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 5, 2009.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**